UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY FALSO,

                                        Plaintiff,

                                                                    DECISION AND ORDER

                                                                    13-CV-6521L

                        v.

TOWN OF DANSVILLE POLICE DEPARTMENT,
et al.,

                                        Defendants.
_____


          Plaintiff commenced this action pro se on September 4, 2013.   Plaintiff's Amended

Complaint asserts claims of common law negligence and violation of plaintiff's rights under the

Fourth Amendment to the United States Constitution, pursuant to 42 U.S.C. §1983 ("Section

1983") against the Town of Dansville Police Department, its Police Chief, and three police

officers.  (Dkt. #1, #17).  Defendants now move to dismiss the complaint under Fed. R. Civ.

Proc. 12(b)(6) on the grounds that, inter alia, the facts alleged by plaintiff fall outside of the

relevant three-year statute of limitations.

          For the reasons that follow, defendants' motion (Dkt. #24) is granted, and the complaint

is dismissed.

## DISCUSSION

### I.          Standard on a Motion to Dismiss

          Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for

failure to state a claim upon which relief can be granted.  Fed. R. Civ. Proc. 12(b)(6).  In

deciding a motion to dismiss under Rule 12(b)(6), a court must "accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994).  Nonetheless, "a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Where, as here, the plaintiff is proceeding pro se, the Court will read the complaint "liberally and interpret [it] to raise the strongest arguments [it] suggest[s]."  *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks omitted).


**II.      Defendants' Motion to Dismiss**

There is no dispute that plaintiff's claims – common law negligence, and violation of civil rights under Section 1983 – are both subject to a three-year statute of limitations.  *See e.g.*, *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013); N.Y. C.P.L.R. §214.  Plaintiff commenced this action on September 24, 2013, and thus, any claims arising prior to September 24, 2010 are time-barred.

Plaintiff's claims arise out of the defendants' alleged failure to adequately investigate a series of criminal allegations made by plaintiff against a third party, Edward Bennett ("Bennett"), as well as contemporaneous criminal allegations made by Bennett against plaintiff, beginning in or around December 2008.   Plaintiff avers that on February 1, 2009, after repeated refusals by defendants to follow up on his claims against Bennett, plaintiff was informed for the last time that the defendants did not find plaintiff's complaints against Bennett to be credible,

and that the department had no plans to investigate the matter any further.  (Dkt. #28 at ¶12(g)-(l)).

Plaintiff urges the Court to find that his claims are timely, because they are in the nature of a "continuing tort," which has accrued anew every day since his initial complaint to defendants about Bennett, and will continue in perpetuity until defendants respond appropriately to that complaint with a full and fair investigation.  "The continuing tort doctrine 'provides that, in certain tort cases involving continuous or repeated injuries, the statute of limitations accrues upon the date of the last injury and that the plaintiff may recover for the entire period of the [liable party]'s negligence provided that an act contributing to the claim occurs within the filing period.'"  *Conte v. County of Nassau*, 2013 U.S. Dist. LEXIS 105207 at *76 (S.D.N.Y. 2013), *quoting Mix v. Delaware & Hudson Ry. Co., Inc.*, 345 F.3d 82, 88 (2d Cir. 2003).  While the continuing tort theory has been applied to certain claims involving ongoing unlawful conduct, plaintiff has produced, and the Court has not located, any authority that would support the application of the continuing tort theory under circumstances similar to those presented here.

A Section 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action."  *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002).  Here, the very latest possible date for the accrual of plaintiff's claims, according to plaintiff's own factual allegations in opposition to the pending motion to dismiss, is February 1, 2009, when plaintiff was told conclusively that the defendants had no intention of engaging in further investigation of his claims against Bennett, and that they had not found plaintiff to be credible.  At this point, plaintiff was aware of both the allegedly unlawful conduct, and the resulting harm, which he alleges to consist largely of mental anguish, humiliation, and inability

3

to obtain restitution for the crimes allegedly committed against him by Bennett.  *See generally Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir. 1994) (accrual of a Section 1983 claim is determined based on when plaintiff knew of or had reason to know of both "the allegedly impermissible conduct and the resulting harm"); *Drake v. Lab. Corp. of Am. Holdings*, 2009 U.S. Dist. LEXIS 79355 at *7 n. 1 (S.D.N.Y. 2009) (under New York law, a negligence claim accrues on the date plaintiff is injured, regardless of whether plaintiff is aware that it was occasioned by wrongful conduct).

Because plaintiff's claims accrued no later than February 1, 2009, the relevant statutes of limitations expired on or about February 1, 2012, more than eighteen months prior to plaintiff's filing of this action.  His claims are manifestly untimely.


### CONCLUSION

For the foregoing reasons, plaintiff's claims are untimely, and plaintiff has neither alleged nor proved any basis (such as equitable estoppel) for the Court to extend the pertinent statutes of limitations.  Defendants' motion to dismiss (Dkt. #24) is granted, and the Amended Complaint is dismissed in its entirety, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 5, 2015

4